# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

United States of America,

v.

Case No. 2:23-cr-3

Petrocelli Robertson,

Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Petrocelli Robertson ("Defendant") and the Government jointly move to continue the trial date and associated pre-trial deadlines. ECF No. 24. For the following reasons, the motion is **GRANTED.**

Defendant is charged with two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and one count of possession with intent to distribute fentanyl, cocaine base, and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See generally*, Indictment, ECF No. 17. Defendant was indicted on January 10, 2023, and the Court subsequently set trial for March 20, 2023. *See id*; ECF No. 20.

The parties now jointly move to continue the trial date. ECF No. 24. The parties contend the continuance is warranted because the Government recently produced discovery to Defendant, and the parties need additional time to engage in supplemental discovery and negotiate a possible resolution short of trial. *Id.*

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, commands that, for any case in which a defendant has not pleaded guilty, trial must begin within seventy days of the date the defendant has an initial appearance or is charged, whichever is later. 18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S. 196, 198 (2010). The Speedy Trial Act allows for certain delays to be excluded from the seventy-day clock. *See* 18 U.S.C. § 3161(h). Some of these delays—for example, those enumerated in subsection 3161(h)(1)—are automatically excluded. *See Bloate*, 559 U.S. at 199.

When, however, a delay results from a continuance granted at the request of a party or on the Court's own motion, that time is excludable only if the Court makes "specific findings" that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Bloate*, 559 U.S. at 213; 18 U.S.C. § 3161(h)(7)(A). These findings must be set forth "in the record of the case, either orally or in writing." *Zedner v. United States*, 547 U.S. 489, 506 (2006) (quoting the then-existing version of 18 U.S.C. § 3161(h)(7)).

When considering whether to grant a so-called "ends of justice" continuance under § 3161(h)(7)(A), a court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate

preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An "ends of justice" continuance may not be granted based on "general congestion of the court's calendar," or for "lack of diligent preparation or failure to obtain available witnesses" on behalf of the Government. 18 U.S.C. § 3161(h)(7)(c).

The Court has considered the subsection (h)(7)(B) factors. Based on the parties' representations that they need additional time to review discovery and to negotiate a resolution short of trial, the Court finds that "failure to grant such a continuance . . . would deny counsel for the defendant [and] the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, a continuance is warranted, and the "ends of justice served by the granting of [this] continuance outweigh the best interests of the public and the

defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The delay caused by this continuance is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h).

Therefore, Defendant's motion is **GRANTED**. Trial is set for **Monday June 26, 2023, at 9:00 a.m. in Courtroom 120.** The final pretrial conference is set for **Wednesday June 21, 2023, at 11:00 a.m.** All motions *in limine*, any other pretrial motions, and proposed joint, substantive jury instructions are due by **Monday June 5, 2023**.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**